IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL -7
U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| PINKERTON SECURITY & INVESTIGATION SERVICES, INC., | ) ) ) | ENTERED |
| Plaintiff, | ) ) | JUL 7 2000 |
| v. | ) ) | CIVIL ACTION NO. 99-G-2320-S |
| KOSE KIM, | ) ) ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

This cause came to be heard at the court's regularly scheduled motion docket on the issue of whether the court should exercise its discretionary jurisdiction in this declaratory judgment action. This court has had occasion to consider in detail a federal court's discretion not to exercise jurisdiction in diversity actions brought under the Declaratory Judgment Act. See, Mutual Life Ins. Co. of New York v. Adams, 972 F. Supp. 1386 (N.D. Ala. 1997).

The court is of the opinion that the interests of justice would not be served by entertaining a federal declaratory judgment action brought by an employer seeking a declaration that it is not liable for worker's compensation benefits. The policy behind the anti removal statute, 28 U.S.C. § 1445(c), is that the injured worker should not be in

10

federal court unless he wishes to be. That policy would be abrogated by the exercise of jurisdiction in this case.

The routine allowance of declaratory judgment actions in worker's compensation cases by the federal courts would surely cause employers to preemptively file such actions in order to obtain a federal forum. Preventing forum shopping is a strong reason for refusing to exercise jurisdiction in this action. See, Adams, 972 F. Supp. at 1393. It is not merely forum shopping that is of concern. If the employer is rewarded with a federal forum if they win the race to the courthouse, clearly there will be an incentive to file a federal action before exhausting efforts at a negotiated settlement. This is clearly an undesirable result.

For the above reasons, the court will decline to exercise jurisdiction in this action. An appropriate order of dismissal will be entered contemporaneously herewith.

DONE this 6th day of July 2000.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.